[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner was convicted of Murder (Felony Murder), Robbery 1st Larceny 2nd and Kidnapping and the sentence received included enhancement by way of the provisions of § 53-202k.
On November 26, 1995, the defendant saw the victim, Corey Gamble, use a phone at a Hartford gas station. Defendant approached the victim and asked for a ride for he and his friend. At the end of the ride, the defendant pulled out a gun and ordered him out of the car, had him remove his clothing and shot him. The pair then took the car home.
The victim's mother told the police that she had her son move her rental car and he never returned. Police found defendant driving the car and wearing the victim's clothing. A search of his apartment revealed more clothing of the victim.
A jury found defendant guilty on all counts. He received a sentence of 85 years on all counts.
He denied being an active participant and that he was just borrowing the car and that the clothing he wore belonged to the codefendant Cleave Ward. He claimed an unfair trial and that the victim was a police informant and something went wrong.
At sentencing he complained that the trial was unfair and that there were inconsistent statements by Cleave Ward and that Ward was pressured to name him.
This was an innocent victim and the only motive was that the defendant wanted new clothes as he was living poorly and sleeping on the couch. The offense occurred two months after he was released from a Florida prison. However, after taking the clothes he had no reason to execute the victim. CT Page 2273
The victim was a good student and a good person. The defendant had a significant record including felonies for larceny, narcotics, escape and FTA. He started drinking and using marijuana at age 15 and is a Solidos gang member. He admits to engaging in illegal activities to support himself financially. He has several previous convictions and appears undeterred. Although he maintains his innocence, his violent nature leads to "an extremely guarded prognosis for any future conforming community adjustments."
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of Practice Book § 43-23 et seq., and Connecticut General Statutes § 51-194 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed is neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
FORD, J.
MIANO, J.
HOLDEN, J.
Judges Ford, Miano, and Holden, participated in this decision. CT Page 2274